# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Theodoros K.[1],                                    No. 20-cv-2228 (KMM-ECW)

        Plaintiff,

v.                                                                **ORDER**

Kilolo Kijakazi, Acting Commissioner of
Social Security,

        Defendant.

---

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees. [Dkt. No. 51.] The Plaintiff seeks an award of $21,265.23 pursuant to 42 U.S.C. § 406(b)(1), with directions for the Acting Commissioner of Social Security to pay Plaintiff's counsel the balance of $11,565.23 after the offset of $9,700.00 in attorneys' fees pursuant to the Equal Access to Justice Act.

The Commissioner does not oppose Plaintiff's motion but filed a response to emphasize that the previously awarded EAJA fees must be refunded to Plaintiff after the Court awards fees under Section 406(b)(1)(A). [Dkt. No. 57.] For the reasons described below, the Court grants Plaintiff's motion for an award of $21,265.23 but directs the Commissioner to

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions. Accordingly, where the Court refers to Plaintiff by his name only his first name and last initial are provided.

pay the full amount to Plaintiff's counsel with instructions to refund the previously awarded $9,700 in EAJA fees directly to Plaintiff.

### I.     BACKGROUND

Plaintiff applied for Social Security disability benefits in March 2018, alleging a disability beginning in January 2017. [Dkt. No. 1.] The claim was initially denied in June 2018 and upon reconsideration in July 2018. [*Id.*] Plaintiff requested further review, and an Administrative Law Judge denied Plaintiff's application in November 2019. [*Id.*] The Appeals Council for the Social Security Administration denied review. [*Id.*] Plaintiff sought judicial review of the ALJ's decision from this Court. [*Id.*] The parties both filed motions for summary judgment. [Dkt. Nos. 27, 29.]

United States Magistrate Judge Elizabeth Cowan Wright filed a Report and Recommendation on January 19, 2022, recommending granting the Plaintiff's Motion for Summary Judgment in part and denying the Defendant's Motion for Summary Judgment. [Dkt. No. 37.] The R&R concluded that substantial evidence did not support the ALJ's decision and recommended reversing and remanding so that the ALJ could (1) properly evaluate the weight that should be assigned to Plaintiff's subjective complaints; (2) reevaluate the persuasiveness of all the medical opinions and prior administrative findings in view of the complete record; and (3) reconsider the Residual Function Capacity determination and conclusions at steps four and five. [*Id.* at 77.] Defendant did not file objections, and this Court accepted the recommendations and remanded the case in February 2022. [Dkt. No. 40.]

On remand, the ALJ issued a fully favorable decision in December 2022, awarding the Plaintiff benefits starting in July 2017. The Commissioner awarded Plaintiff $85,060.92 in past-due benefits. [Ex. A, Dkt. No. 54; *see also* Mem. in Support of Mot. for Attorney's Fees 1–2, Dkt. No. 52.]

In May 2022, Plaintiff sought attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. [Dkt. No. 40.] Pursuant to the recommendation by Judge Wright, the Court granted Plaintiff's motion and awarded $9,700.00 in attorneys' fees under the EAJA and $400 in costs from the Judgment Fund administered by the United States Treasury. [Dkt. No. 50.] Pursuant to the Plaintiff's agreement with counsel, the Commissioner was ordered to send the EAJA payment to Plaintiff's attorney in Plaintiff's name. [*Id.*]

In May 2023, Plaintiff sought attorneys' fees pursuant to 42 U.S.C. § 406(b)(1). [Dkt. No. 51.]

## II.   DISCUSSION

Under 42 U.S.C. § 406(b), the Court may award a "reasonable fee" to a successful claimant's counsel for worked performed before the Court, in an amount not to exceed 25% of the total past due benefits awarded to the claimant. The 25-percent figure is merely an upper cap on fees established by Congress, and counsel for a successful claimant must still "show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court has an independent obligation to determine whether an attorneys' fee award in this amount is reasonable. *Id.*

The Court must first determine whether the plaintiff was successful, because a requirement of § 406(b)(1)(A) is "a judgment favorable to the claimant." The Court finds the representation of Plaintiff was ultimately successful because it resulted in the award of $85,060.92 in past-due disability benefits. *See, e.g.*, *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (awarding fees under § 406(b)(1)(A) where the plaintiff's counsel secured over $80,000 in past-due disability benefits). Counsel also notes that plaintiff's potential lifetime benefit amounts to over $290,887.12 as a result of counsel's work. [Mem. 5, Dkt. No. 52.]

Next, the Court must determine if the requested attorneys' fees are reasonable. Plaintiff seeks $21,265.23 in attorneys' fees, amounting to 25% of the past-due benefits awarded and the maximum permitted under § 406(b)(1). The Court finds that the requested fees are reasonable. Plaintiff entered a contingency agreement with his counsel in which he agreed to pay 25% of any past-due benefits awarded. [Dkt. No. 53–2.] The fee agreement comports with the 25% statutory cap imposed by § 406(b). The Supreme Court has explained that contingent-fee agreements for the statutory maximum 25% of past-due benefits "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. There is also no indication that Plaintiff's counsel caused any delay in this matter or provided substandard representation which could warrant a reduction. *Id.* at 808.

Nor would the full award here be so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction. *Id.* His counsel spent a combined 53.5 hours on this case, which means the full amount requested would compensate counsel at an effective rate of $397.48 per hour. This rate is certainly below other approved rates in this

4

district. *E.g.*, *Smith*, 2023 WL 3580817 at *2 (approving award with effective rate of $900 and collecting cases from this district approving awards amounting to greater effective rates). Finally, the number of hours that counsel reported spending on this matter is not excessive in light of their 22-page summary judgment memorandum, 14-page reply, and the 1440-page administrative record at issue.

Considering the terms of the contingency fee agreement between Plaintiff and his counsel, the amount of effort expended on Plaintiff's case, the length of the proceedings, the comparable rates awarded for Social Security cases in this District, and the statutory requirements of Section 406(b), the Court finds that a fee award of $21,265.23 is reasonable.

Attorneys may collect fee awards for the same work under both EAJA and 42 U.S.C. § 406(b), but the attorney must "refund[ ] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186). The fee awarded under EAJA here is smaller than that under § 406(b), so Plaintiff's counsel must refund Plaintiff the $9,700 in previously awarded EAJA fees. "Unlike Section 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds as a penalty to the Commissioner." *Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *2 (E.D. Mich. Feb. 9, 2016).

Despite requesting a total fee award of $21,265.23 under § 406(b), Plaintiff asks that the Court order the Commissioner to only pay Plaintiff's counsel $11,565.23, which is the net balance of § 406(b) fees after the amount of EAJA fees awarded is subtracted. [Dkt. Nos. 51, 52.] Thus, Plaintiff wants the Commissioner to refund Plaintiff the EAJA fees instead of sending the full § 406(b) award to Plaintiff's counsel and have counsel refund the EAJA

5

amount to Plaintiff. The Commissioner stated that she has no objections to Plaintiff's motion but appears to contest the method of EAJA refund, requesting that the Court's order reflect that after the fee under § 406(b) is awarded, the lesser of the two fees should be refunded by Plaintiff's counsel to Plaintiff. [*See* Dkt. No. 57.] The Court treats this as an objection to the payment amount and refund method.

Although the Court finds that the indirect refund method of EAJA fees has been accepted in some instances, it seems to be the disfavored method. *See, e.g.*, *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (viewing it as the disfavored method); *see also McGraw v. Barnhart,* 450 F.3d 493, 497 n.2 (10th Cir. 2006) ("[I]t is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner.); *but see Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) (holding that the EAJA does not mandate a direct refund approach and approving of the attorney's request to have the Commissioner offset the § 406(b) award with the previously awarded EAJA fees) *and Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (stating that the district court "properly reduced the fee award [under § 406(b)] by the amount of attorneys' fees already paid by the government under the Equal Access to Justice Act").

Plaintiff has not cited any in-circuit authority approving of the indirect approach to refunding plaintiffs for fees previously awarded under the EAJA when the Court awards fees under § 406(b). The Court finds that it is within its discretion to award fees in the "usual way"—that is, awarding the full fee amount under § 406(b) with instructions for Plaintiff's counsel to refund the smaller, previously awarded EAJA amount to Plaintiff directly. *Koroma v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04459-PHX-DWL, 2021 WL 3190727, at *2 (D. Ariz.

July 28, 2021). Without a specific reason from Plaintiff as to why the indirect refund method should be used in this case, the Court orders the full fee award authorized pursuant to 42 U.S.C. § 406(b) be sent from the Commissioner to Plaintiff's counsel, contingent upon counsel refunding Plaintiff $9,700.

### III. ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [51] is **GRANTED in part**. The Court awards $21,265.23 in fees under 42 U.S.C. § 406(b).

2. Within 30 days of this Order, the government shall pay the Plaintiff $21,265.23 in fees pursuant to 42 U.S.C. § 406(b). The award should be paid directly to attorney Frederick J. Daley, Jr. in accordance with the agreement signed by Plaintiff.

3. Plaintiff's counsel must refund the $9,700 in previously awarded EAJA attorneys' fees to the Plaintiff directly.

Date: July 19, 2023

                                               *s/Katherine Menendez*
                                               Katherine Menendez
                                               United States District Judge